OPINION
Appellant, state of Ohio, sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT OHIO'S SEXUAL PREDATOR LAW, AS SET FORTH IN OHIO HOUSE BILL 180 AND CODIFIED IN OHIO REVISED CODE CHAPTER 2950, IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANTS-APPELLEES."
The following facts are relevant to this appeal. Appellee entered a plea of guilty to one count of rape and was sentenced to five to twenty-five years of imprisonment in 1989. The Ohio Department of Corrections determined that appellee should be recommended to the sentencing court for adjudication as a sexual predator.[1] After a hearing held on March 17 and 18, 1997, the trial court issued a judgment entry journalized on July 17, 1997, finding the application of the R.C. 2950.09(C) unconstitutional as applied to appellee. The state filed a timely notice of appeal.
Upon the authority of State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported, this court finds appellant's argument not well-taken. The application of R.C. Chapter 2950 to conduct prior to the effective date of the statute would violate Section 28, Article II of the Ohio Constitution because it would constitute a retroactive application of the law.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Finding that the case sub judice and State v.Lance,(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble, (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; and State v. Lyttle, (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, render conflicting judgments on the issue of the constitutionality of the application of R.C. Chapter 2950, this court certifies the record of the instant case to the Supreme Court of Ohio for review and final determination.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] R.C. 2950.09(C) establishes a classification scheme for offenders who were convicted and sentenced prior to January 1, 1997, and who were still imprisoned in a state correctional institution on that date. Before a sexual offender who was convicted and sentenced before January 1, 1997, is released from a state correctional institution, the department of rehabilitation and correction must determine whether to recommend that the offender be adjudicated as a sexual predator. R.C.2950.09(C)(1). The recommendation has no mandatory effect, and, without a hearing, the trial court may determine that the offender is not a sexual predator. R.C. 2950.09(C)(2). Before a trial court can label an offender a sexual predator, it must conduct a hearing and the offender must be determined to be a sexual predator by clear and convincing evidence. R.C.2950.09(C)(2).